# Payne *against* Bennet.

An action of ejectment which involved questions of boundary and identity, resulted in a compromise, by which the son of the defendant purchased from the plaintiff, and executed a mortgage to secure the purchase money. This mortgage was afterwards sued, judgment obtained thereon, *levari facias* issued, and the land sold to the plaintiff; in an action of ejectment to recover the possession, the defendant will not be permitted to set up as a defence that which was the subject of defence in the first ejectment which was compromised.

ERROR to the common pleas of *Bradford* county.

This was an action of ejectment by Selah Payne against Benjamin Bennet, upon the trial of which these material facts appeared. Archibald M'Allister had brought an ejectment against Bennet, the father of the present defendant, which was compromised by a purchase by Benjamin Bennet from Archibald M'Allister, for a certain price, which was secured by a mortgage. When it became due it was sued; judgment obtained upon it; a *levari facias* issued, upon which the land was sold to John M'Allister, who conveyed to the

plaintiff, Selah Payne, who brought this ejectment; and 'upon the trial the defendant, *inter alia*, set up as a defence that which was originally insisted upon by his father, and which was the subject of the compromise. The court below permitted this defence to avail the defendant, and a verdict and judgment passed in his favour.

*Overton* and *Conyngham*, for plaintiff in error.
*Williston*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—Though conceded to be generally true that matters of defence to the *scire facias* cannot be set up to an ejectment by the sheriff's vendee, and that a compromise merges all precedent rights, it was given in charge that these principles would not be decisive, if the courses and distances inserted in the mortgage or adopted by reference to the official survey were found to be specifically inapplicable to the land in contest, because the legal effect of the instrument would be to pass a different tract. The facts taken for granted or not contested by evidence are, that Mr M'Allister, the owner of the Bailes warrant, called on Mr Bennet, the defendant's father, for information about a particular monument of the survey, which, as then supposed, was pointed out by the latter. On tracing the lines by this, as an admitted landmark, the father appeared to be in possession of the Bailes tract; and an ejectment brought against him terminated in a purchase of the land by the present defendant, his son, who, to secure the purchase money, gave the mortgage on which the premises have been sold to the plaintiff. But it is now alleged that the monument shown to Mr M'Allister by the father, is not the true one; and that the conveyance and mortgage by the courses and distances of the Bailes survey, cannot be located so as to pass the land in dispute. It seems, however, that the original location of that survey is not open to inquiry. What were the points adjusted by the compromise? Though it seems to have been taken for granted by the judge, that the land included by the survey was conceded to be the land described in the declaration, and that, being *prima facie* evidence of the fact, it cast the burthen of disproving it on the defendant, he directed the jury that it was not conclusive. But was not the fact of identity the very basis of the compromise? Mr M'Allister sold and the defendant bought, by whatever terms of description the parties chose to define the subject of the grant, the land demanded in the action; for the discontinuance of which the mortgage given by the same terms of description, and the consequent acknowledgement of M'Allister's title to the land in contest, were the material parts of the consideration. By the compromise, M'Allister's vigilance in prosecuting his title was disarmed; and after the lapse of a period that would have completed the bar of the statute of limitations in favour of an adverse possession, and when it may be supposed that those who would have established his right to such pos-

[Payne v. Bennet.]

session have passed away, it would be monstrous to require him, or a party who has succeeded to his title, to establish it a second time, by further or other evidence than the concession contained in the compromise itself. Having relinquished, then and for ever, every pretension of right to the contrary, the parties located the Bailes warrant for themselves ; and that point, with every other, having been settled by the compromise, the defendant is estopped from con- testing it.

Judgment reversed, and a *venire de novo* awarded.