# Bennet *against* Paine.

If after ejectment brought the parties compromise, and the defendant purchases the plaintiff's title, and secures the purchase money by mortgage, upon which a judgment is afterwards obtained, and the property sold, and ejectment is brought to recover possession, the defendant upon the trial will not be permitted to defend himself in his possession, by the same evidence which he might have given in the original suit.   The compromise is conclusive upon him.   But he may be permitted to prove that the land for which the ejectment is brought is not the same which was the subject of the compromise.

ERROR to *Bradford* county.

Ejectment for a tract of land by Selah Paine against Benjamin Bennet.

In 1809 Archibald M'Allister brought an ejectment against Amos and Nathan Bennet for a tract of land alleged to be the same as that now in dispute, which suit was settled by the parties in 1813, and Benjamin Bennet the son of Amos Bennet gave a mortgage to M'Allister for the purchase money of his title: this was sued out in 1819,

[Bennet v. Paine.]

and judgment was obtained for 1674 dollars 40 cents, upon which executions were issued, and in 1822 the land was sold to I. C. M'Allister, who conveyed it to Selah Paine the plantiff in this suit. After this evidence had been given, the plaintiff gave some parol evidence to show that the land was the same for which the first ejectment had been brought and which was compromised.

The defendant then offered parol evidence that the land was not the same purchased by him from M'Allister, and mortgaged as above stated: and that he was not in possession of the land in question at the time of the purchase of M'Allister.

This evidence was objected to, and the court overruled it.

*Williston* and *Ellwell*, for plaintiff in error.
*Conyngham*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—This cause was in this court before.  2 *Watts* 427. On the trial in the common pleas on that occasion, Bennet, the defendant, set up as a defence that which was originally insisted on by his father, and which was the object of, and was the matter settled by, the compromise with M'Allister. This event decided that there was then error in the charge of the court on the facts as proved.

On a second trial the plaintiff after having shown his legal title, and which, uncontradicted, would have entitled him to recover, went on to call a witness to prove what was not necessary, unless defendant should attempt to invalidate the title shown by him. In other words, the plaintiff proceeded to give rebutting evidence before the defendant had given any testimony, which required to be rebutted; in fact before the defendant had given any evidence at all. This is an irregularity: but it occurs often in trials. In the present instance, the plaintiff, assuming that this parol evidence was absolute verity, objected to the defendant giving any evidence, and the court sustained the objection; defendant now brings a writ of error. It may be admitted that the witness was entirely credible, nay, of the highest respectability, yet the law permits the evidence of any and every human being to be canvassed by counsel and contradicted by other evidence, and rightly permits it; for any man may mistake the nature of a transaction at which he is present, may not hear distinctly, or not comprehend exactly what was said, or may have forgotten a part of it. Hence, whatever is proved by parol may be explained or disproved by the other side, by parol, and the jury are to decide what was the real truth of the case.

It seems from the testimony on the record as well as from the defendant's offer, that heretofore Archibald M'Allister claimed a tract of land on which Amos Bennet, the father of Benjamin, resided, and brought an ejectment to recover it. After the suit had been pending some time, and the parties had time to consider of his own and his adversary's right, a compromise was agreed on, and Benjamin

[Bennet v. Paine.]

Bennet, perhaps after his father's death, if not, with his father's consent, agreed to purchase the right of M'Allister, and gave a mortgage to secure payment of the price. Under a sale on that mortgage Paine claims. The defendant offered to prove " that the tract of land in his possession and for which this suit is brought is not the land he purchased from M'Allister, and for which he gave the mortgage." Now it is apparent, that if not the land mortgaged, it would not be the land sold on the mortgage and cannot be the land for which plaintiff had shown title, and was direct and important, and if believed, conclusive in the case. It ought then to have been admitted, if the proof corresponded with the offer; but this cause having been now twice before this court, we know this much of it, viz; that on the former trial defendant attempted to show that if.he had not made the compromise and agreed to pay M'Allister, and if he had then known what he now knows, he did not act wisely in agreeing to buy; it may be said we have pretty strong evidence, that the objection to M'Allister's title was, that it was not supposed he could show the lines of his survey. If, then, the defendant in this case under his offer in the words above stated should attempt to prove that the lines of the survey he bought are not on the ground, or that there is some inaccuracy in the survey, such proof would not and ought not to avail him. Where two men are at law about the title to a tract of land, one of them always has the real title and the other has not; but it often happens that the evidence of title is in some respects vague or defective, and the party with no more evidence than he then has, prefers to compromise and the parties do compromise, and this is reduced to writing and evidenced by solemn instruments; afterwards the witnesses of the one party die, the trees of every survey decay and disappear naturally or artificially, or the other party discovers some evidence of which he was not informed when he compromised, and he wishes to annul the contract, to open the controversy and try the title. Nothing is better settled than that this cannot be done; nothing is more clear than that the peace and welfare of the country require that it should not be done. If it were permitted, the settlement of a suit would be only the certain preparation for another, and the party whose witnesses survived the witnesses of the other party, would be sure to renew the contest as soon as he discovered that he had an advantage. A case may occur in which it may be apparent that a party has lost by a compromise, but it will not do on this account to change a rule of law founded in the best sense and most conducive to the peace of society and security of titles. It will be necessary then to prove in this case, not that M'Allister's title was not good for the land on which Benjamin Bennet lives, but that the compromise did not relate to and embrace that land; for if it did, there is an end of controversy; the agreement of compromise must be valid and bind both parties, unless Bennet can prove actual fraud and actual wilful misrepresentation by M'Allister, or actual concealment of some facts which M'Allister knew and which *he was*

[Bennet v. Paine.]

*bound* to communicate, for unless bound by circumstances of trust, &c. to communicate them, he is not bound to do so.

If then the offer is modified to be that it is not the land purchased from M'Allister and for which he gave the mortgage, or which was understood to be purchased and understood by the parties to be embraced in the mortgage, the testimony is admissible and available; but if it is admitted that there was a compromise of a suit and a purchase of the land, the object of that suit and a mortgage given for the land which the parties intended to embrace the land then in suit, it will not avail the party to prove that M'Allister had not a good title to that land; the compromise made an end of that matter; it was a solemn agreement, after contest and after time for reflection and employment of counsel, to pay a certain sum for M'Allister's title to the land then in dispute, and a solemn pledge of that land for the payment of that sum, and if that land was sold on that mortgage and the title under that sale is in the plaintiff, he must recover that land; but if this suit is not for the land embraced and intended to be embraced in the compromise and in the deed and mortgage, but for other and different land, defendant may show it, and if he does show it, plaintiff will not recover.

Judgment reversed, and a *venire de novo* awarded.