## HAMMOND'S ADMINISTRATRIX, Respondent, v. CADWALLADER, Respondent.

1. An agreement to purchase land at a sheriff's sale and to hold it in trust for another is within the third section of the statute of frauds; it must be in writing.

### Appeal from Jefferson Circuit Court.

The petition in this case sets forth substantially that John Hammond, plaintiff's intestate, became one of the securities of Eli Cadwallader on his bond as guardian of certain minor

children; that said Eli died indebted as guardian to said minors in about the sum of $283.72, and did not leave personal property enough to pay his debts; that all the real estate he owned was a certain, tract of one hundred and sixty acres; that this land was encumbered with a mortgage in favor of defendant Isaac Cadwallader, which plaintiff is informed was actually satisfied but was not released of record; that one Johnston qualified as executor of said estate and obtained an order from the county court for the sale of said real estate for the payment of the debts of said Eli, specifying among. others the indebtedness of said Eli to his ward; that said executor duly advertised said land for sale; that before the sale defendant came to said Johnston pretending that said mortgage was not satisfied and persuaded said Johnston as executor to confess a judgment for $263.82 as a balance due on said mortgage from said Eli; that on this judgment a special writ of execution issued; that John Hammond, being security for Eli as aforesaid and seeing that it was likely he would have to pay said wards the amounts due from Eli, took measures to secure himself; that he called upon defendant on the subject, and they entered into an agreement that defendant should buy the land aforesaid at his sale under the judgment of confession aforesaid in trust for the said Isaac (defendant) and said Hammond; that said Isaac and said Hammond should each pay one-half of the costs of sale, and that said Isaac should retain the land until he could find a private purchaser; that out of the proceeds of sale said Isaac was to pay or to retain enough to satisfy the amount of his judgment, and the balance he was to give to said Hammond to apply to the indebtedness of said Eli to his wards for which said Hammond was security; that according to this agreement said Isaac bought said land at said sale in trust for himself and said Hammond, who paid his half of the expense of said sale to said Isaac; that Hammond died; that judgments were recovered against his administratrix in behalf of said wards for $387, which plaintiff paid; that said Isaac, defendant, sold said land for $600;

that said mortgage was paid off in the lifetime of Eli Cadwallader. The plaintiff prays that the defendant may be made to account for the proceeds of the sale of said land held in trust, and for judgment for the amount paid by plaintiff for said Eli Cadwallader on his bond as guardian.

·It appeared in evidence that there was an oral agreement such as that charged in the petition entered into between the defendant Isaac Cadwallader and John Hammond, plaintiffs' intestate. The court instructed the jury that " if the defendant agreed with Hammond that, if he would not bid or interfere with him in the purchase of the land, he would buy the land and sell it, and after paying his own debt from the proceeds, and a small balance to B. Johnston, the administrator of Eli, he would apply the balance to liquidate the liability of Hammond as security of Eli Cadwallader, they would find for the plaintiff said balance with interest from the time of sale."

The court refused the following instruction asked by defendant : " If the alleged promise of Isaac Cadwallader was merely verbal, the jury will find for the defendants. A verbal promise in reference to the conveyance or holding land in trust could not be enforced. If the jury find the promise was not reduced to writing and was not to be performed within one year, they will find for defendant."

The jury found for plaintiff.

*Fletcher*, for appellant.

I. The alleged promise was within the statute of frauds. There is no allegation of fraud on the part of Isaac Cadwallader. (See generally 10 Watts, 320 ; 1 Watts & Ser. 376 ; 9 Watts & S. 66 ; 4 W. & S. 150 ; 2 Watts, 327 ; 9 Watts, 42 ; 15 Wend. 650 ; 16 Verm. 500 ; 1 Hoff. 95 ; 2 Johns. Ch. 405 ; Harring. Ch. 12 ; 7 Ind. 308 ; 3 A. K. Marsh. 947 ; Meigs, 390 ; 2 Paige, 238 ; 2 Ash. 482 ; 3 Sumn. 460 ; 4 Johns. 422 ; 12 Johns. 290 ; Willis on Trustees, 28 ; Coxe Ch. C. 15.)

*Noell*, for respondent.

I. The interest that Hammond had in making the land bring a sum sufficient to pay his liabilities, and the foregoing of his right to bid it up to that point, is a sufficient consideration to support the promise to apply the proceeds as stipulated. (27 Penn. 180.) The statute of frauds is not applicable to this class of trusts. This trust is raised by implication of law, and is founded upon the fact that the party asserting the trust had an interest in the subject matter of it prior to his agreement. That interest he yielded in the form it then stood in order that the party to whom he yielded it might use the subject matter of the trust to the mutual advantage of both parties. It would be a fraud were Isaac Cadwallader allowed to repudiate so much of the agreement as enured to the benefit of the other party. The instruction asked was properly refused. The court correctly declared the law in the instruction given. (27 Ala. 461 ; 13 Texas, 187 ; 16 Ill. 113 ; 2 Snead, 395 ; 12 Mo. 30 ; 6 Mo. 171 ; 20 Mo. 296.)

NAPTON, Judge, delivered the opinion of the court.

The circumstances of this case are materially different from those of Rose v. Bates, 12 Mo. 30. That case proceeded altogether upon the ground of fraud, and it is one of a class of cases in which implied trusts, arising out of fraud, have been enforced notwithstanding the statute which required them to be in writing. The case of Brown v. Dyrenger, 1 Rawle, 413 ; McCulloch v. Cowhe, 5 W. & S. 431 ; Lees v. Nuttall, 1 Russell & Mylne, 53 ; Kisler v. Kisler, 2 Watts, 427, and Schmidt v. Gatewood, 2 Rich. Eq. 162, proceed upon the same ground. Where transactions have been tainted with bad faith, there is a resulting trust by operation of law ; but the simple violation of a parol contract does not constitute such a breach of faith ; for if such was the law, the statute of frauds would be virtually repealed. It is not sufficient to call the transaction a fraud or a trust ; there must be some artifice or trick employed to made it so, and a confidence reposed by one party in another on the faith of which

something has been lost on one side and gained on the other. (Robertson v. Robertson, 9 Watts, 36 ; Haines v. O'Connor, 10 Watts, 320 ; Fox v. Heffner, 1 Serg. & R. 376 ; Lloyd v. Spillet, 2 Atk. 148.)

Here, it will be seen by reference to the bill of exceptions, no fiduciary relations existed between Hammond and Cadwallader. No evidence is offered to show that Hammond was a bidder at the sale of the land, or that he expected at any time to become a bidder; no evidence that Cadwallader made any representations at the sale, or authorized any by which the sale was affected, or by which Cadwallader was enabled to buy the land at an under-value ; no proof that in fact the land did not sell for its full market price at the date of the sale. The case was a naked promise to buy the land in trust for the plaintiff, and such a trust not being in writing is clearly within the third section of our statute of frauds.

It will be observed that the bill in this case does not contain any allegation of fraud, and nothing is better settled than that, where a trust of this kind is sought to be enforced, fraud must be distinctly alleged and clearly proved. (Browne on Stat. of Frauds, 93, and cases cited.)

Moreover, if this was the object of the petition, the trial should have been by the court. But if this action is to be regarded, not so much as a suit to compel the specific performance of a trust, as for damages for the breach of a contract, it must fail under another section of the statute. The contract alleged and proved in this case must be considered as an agreement, upon certain contingencies, to pay the debt of another. Laying out of view all consideration of a trust in the land, the promise of defendant was simply to sell the land which he was about to purchase at the sheriff's sale, and apply the proceeds—after the payment of a small sum to Johnston, his brother executor, and the extinction of his own mortgage debt—to the plaintiff's claim against the estate of Eli Cadwallader. This promise was clearly within the fifth section of the statute.

Judgment reversed. The other judges concur.