JOHN T. BAIER ET AL., Appellants, v. SEBASTIAN BERBERICH ET AL., Respondents.

### February 18, 1879.

1. Constructive trusts are not within the Statute of Frauds.

2. In cases of constructive trust, the relief which equity will grant depends on the circumstances; it is not necessarily the specific performance of what the parties may have agreed on the subject.

3. A combination to prevent bidding at a sale of real estate is fraudulent, and will raise a constructive trust.

4. It is not always essential that the party entitled to relief shall place the other party *in statu quo ante injuriam.* Equity will make such decree as is just, in view of all the circumstances.

5. A party who is found a constructive trustee cannot escape the consequences by showing that third parties not before the court would be prejudiced by such decree.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

KEHR & TITTMAN, for appellants: Where one becomes a purchaser under circumstances which would make it a fraud to permit him to hold on to his bargain, he will be converted into a trustee for those who have been injured thereby. — *McNew* v. *Booth,* 42 Mo. 189; *Rutherford* v. *Williams,* 42 Mo. 18; *Slowey* v. *McMurray,* 27 Mo. 118; *Hammond, Admr.,* v. *Cadwallader,* 29 Mo. 170; *Grumley* v. *Webb,* 44 Mo. 444; *Peacock's Administrator* v. *Nelson,* 50 Mo. 261.

J. M. & C. H. KRUM, for respondents: A trust results only to the person whose money pays the consideration. — *Bostleman* v. *Bostleman,* 24 N. J. Eq. 103. If the party

for whom the purchaser pretends to buy has no interest in the property, a trust cannot be established. — *Rogers* v. *Simmons*, 58 Ill. —.

HAYDEN, J., delivered the opinion of the court.

This is a proceeding brought by a husband and wife, to have one of the defendants, who are father and son, declared a trustee, for the wife, of two pieces of realty (which for the purposes of this opinion may be treated as one) which were bought at public vendue, and the legal title to which was placed in the name of the son. The substantial ground, as proved, is that the father, Sebastian Berberich, being accommodation indorser for the plaintiff, John T. Baier, who was in failing circumstances in 1877, and who had given deeds of trust under which the property here in question was about to go to sale, agreed with the plaintiffs to buy in the property at the sale for the benefit of Mrs. Baier, and convey it to her. To carry out this plan, both the plaintiffs and defendants took steps to induce strangers to refrain from bidding at the sales, and persons who intended to bid were thus kept away ; and in this manner defendants obtained the property at considerably less than its value. This agreement was denied by the defendants, but was proved by disinterested witnesses. The plaintiff John T. Baier and the elder defendant went to Mr. Porter, a real-estate agent in St. Louis, in pursuance of the agreement, and Porter inspected the property, and agreed to advance money upon it to carry out the arrangement. Porter testifies that Berberich said that he would raise the money in bank to buy in the property, and that the sum wanted from Porter was to replace the money to be borrowed from the bank ; that Berberich said he was to convey the property to Mrs. Baier, and was doing it for her protection ; that she was to give the deed of trust, and make the note for the money borrowed through Porter. It was a part of the plan that it should be made known as widely as possible that Ber-

berich was to buy the property for Mrs. Baier, and both Baier and Berberich took steps to have this understood. Berberich saw, among others, one Fath, as the latter testifies, and asked him to be present at the sale and use his influence in trying to keep bidders from running up the property, requesting him to try to keep one Stultz and one Coellen from bidding, they being expected bidders. At this interview Baier was present, and this is one of many circumstances tending to show concert of action in carrying out the plan, and that Baier confided in Berberich. The same witness, Fath, testifies to other efforts of the same kind on Berberich's part, and it is clearly proved that these efforts were successful; that the impression was conveyed that Berberich was acting for Mrs. Baier, and that thus intending bidders refrained from bidding. At the sale of the corner property, in May, 1877, it was stated, in Berberich's presence, that there was no use for any outsider to bid, as the matter was all arranged. The other defendant was clearly a party to this action on the part of his father, and the conduct of the two seems to have been the result of an arrangement between them. The defendant bought the property first sold for $700, the deed being made to the younger defendant. At the sale of the second lot, the father, for the son, bid $4,350, and bought the property, the son soon after raising $4,000 upon it by loan. It is not necessary to here compare the actual value of the property at the time of these sales with the amounts thus paid for it. The defendants evidently got the property at much less than its actual value, and the fair inference is that but for the contrivance of the defendants both lots would have sold for considerably more than they brought. One of the defendants' own witnesses, for example, a real-estate agent, says that he offered to lend $10,000 on the security of the two houses, his rule being to lend two-thirds of the value of the property. Judgment went below for defendants.

The conversion into a trustee of a person who obtains

property under such circumstances as makes it a fraud in him to retain it, is merely a remedial process of equity. The relief given may or may not be such as operates as a specific performance, but equity does not specifically perform the contract as such. Thus, there is no force in the objection that the Statute of Frauds is violated. If the facts are such that the person who has the legal title can enjoy the equitable estate only through fraud, equity raises a constructive trust in order to do away with the effect of the fraud. The principle is that a constructive trust is raised, but the precise relief to be given depends upon the circumstances of the case. Here, for instance, upon the facts, the plaintiffs are entitled to relief; it does not follow that the decree must be that the property be conveyed to the wife of the owner of the equity of redemption, according to the agreement. It will be seen that such a decree would not be appropriate to the facts.

A not uncommon form of that fraud which creates a constructive trust is where a person, pretending to act for an embarrassed debtor whose property is exposed to sale, succeeds, by preventing or diminishing competition at the sale, in securing the property at much less than its real value. *Brown* v. *Lynch*, 1 Paige, 147. That equity will grant relief against such conduct in the purchaser, where it operates as a fraud upon the debtor, resulting in an injury to him, has often been held in this State. *Rose* v. *Bates*, 12 Mo. 30; *Slowey* v. *McMurray*, 27 Mo. 118; *Rutherford* v. *Williams*, 42 Mo. 18; *McNew* v. *Booth*, 42 Mo. 189. See *Peacock* v. *Nelson*, 50 Mo. 256.

It is claimed, however, that the facts here show no ground for the application of this rule. It is argued that the promise to buy in the property was purely gratuitous. But the present was not a case of a promise that implied no obligation. The proof the absence of which is insisted on in *Hammond* v. *Cadwallader*, 29 Mo. 170, was present here. In consequence of a plan proposed and ar-

ranged by the elder defendant, and in which he induced the plaintiffs to coöperate with him, the plaintiffs not only took no steps to get bidders at the sales, but acted with this defendant in inducing people not to bid, in the trust that the defendants would perform their promise and convey the property to Mrs. Baier. The loss to the plaintiffs was not caused by the sale itself, but, the obvious inference is, directly by the contrivance of the defendants. Under the facts, there was virtually no sale of the equity of redemption, the defendants having effectually succeeded in creating the impression that they were carrying out the plan of obtaining the property for Mrs. Baier. The fair sale, with full opportunity of bidders, was not only lost to the plaintiffs, but lost to them through the fraudulent conduct of the defendants. The defendants evidently formed a design, and, consistently carrying it out, have obtained the legal title to both pieces of property by a contrivance. To say that the equity also passed, and that the defendants can without abatement retain the entire property, is to confess that courts of chancery are powerless to enforce their established doctrines.

The plaintiffs do not offer and apparently are not able to place the defendants in their former position or to return the money which has been paid out. It would apparently not accomplish the object to be attained, of correcting the fraud and preserving the rights of the parties concerned, to divest the title to the property; and a decree declaring the younger defendant a trustee, subject to the payment to him of the sum paid for the property, might be ineffectual to accomplish purposes that must be regarded. The more effectual method is to consider the respective lots as two funds in the hands of the defendants, and to consider those parts of the respective funds which represent the equities as held in trust for the plaintiff Louisa Baier. The value of the equities thus held in trust, as on the respective days of sale, must be ascertained by arriving at the whole value

of the respective properties when they were sold, as nearly as can be ascertained from the evidence ; and the difference between these values and the amounts respectively paid for the properties, and legal costs and expenses, will represent the value of the equities of redemption.   The defendants may satisfy the decree which would thus ascertain the value of these equities of redemption, by paying the amounts ; but if not, the decree should be special against the lots *pro tanto*, as this equitable interest is a part of the property, and as through the fault of the defendants it has never been ascertained or realized by its proper owner.

The objection of the defendants that to grant relief to the plaintiffs would operate as a fraud upon the creditors of John T. Baier does not lie in their mouths.   It is necessary first to ascertain the respective rights of the plaintiffs and the younger defendant, who holds the legal title to this property.   John C. Berberich cannot keep property thus obtained on the ground that it may belong to third parties. If there is a fund representing these equitable interests, it may be paid into court ; and as the whole case must go back for a new trial, such disposition may then be made of the fund, as between parties claiming it, as the evidence may warrant.   This evidence we cannot anticipate ; and so, in what has been said, have spoken in relation to the case now before the court.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs ; Judge LEWIS is absent.