BAIER v. BERBERICH *et al.*, *Appellants*.

Case "Involving Title to Real Estate :" APPEAL. Where the petition asserts a trust in plaintiff's favor in respect to lands held by defendant, and prays that the title to the lands be divested out of defendant and vested in plaintiff, the case is one "involving title to real estate " within the meaning of section 12, article 6 of the constitution, and an appeal lies from the St. Louis court of appeals to the Supreme Court.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. M. & C. H. Krum* for appellants.

*Kehr & Tittman* for respondents, cited *Smith v. Bryan,* 34 Ga. 61 ; *Umbarger v. Watts,* 25 Gratt. 167 ; *Hancock v. R. R. Co.,* 3 Gratt. 328 ; *Hutchinson v. Kellam,* 3 Munf. 202 ; *Skipwith v. Young,* 5 Munf. 276 ; *Hatch v. Allen,* 27 Mo. 85.

MARTIN, C.—This was a suit in equity commenced in the circuit court of St. Louis on the 17th day of August, 1878. The bill in substance charges that on and prior to the 22nd day of May, 1877, John T. Baier was the owner of two adjoining lots and the building thereon in the city of St. Louis, subject to a deed of trust on each ; that one of the lots with its improvements was worth $12,000, and the other $7,000 ; that Baier, being embarrassed and no longer able to meet the interest on the incumbrances, it was arranged that the property should be permitted to go to sale under the deeds of trust, and that Sebastian Berberich should bid it in for the benefit of the plaintiff Louisa ; that an amount sufficient to satisfy the bid should immediately be borrowed on the security of the property itself, and the title be vested in the plaintiff Louisa, for her sole and separate use ; that both lots were advertised for sale under the deeds of trust, for different days, and that relying upon the assurances of the senior defendant, the plaintiff abstained from any effort to secure competition at the sales ; that the defendant John C. Berberich was fully aware of all the facts ; that both defendants, before and at the sales, made known that the property would be bought in for the plaintiff Louisa ; that they made and caused statements to that effect to be made to persons known or supposed to be desirous of buying, and asked the co-operation of plaintiffs and of others to prevent competition at the sales ; that persons desirous of buying, upon learning that the purpose was to bid in the property for the plaintiff Louisa, refused to attend or compete at the sales ; that Sebastian Berberich became the purchaser of the property without competition at the trustee sales, but instead of taking the bids

in his own name, caused them to be entered in the name of his son, the defendant, John C. Berberich, a young man without means or credit; and directed the deeds to be made to him; that both defendants, until the time of the second sale, and for some time thereafter, recognized the assurances under which they had been permitted to buy the property, but subsequently denied them and refused to carry them out; wherefore plaintiffs aver that the conduct of defendants constituted a gross fraud upon the rights of plaintiff Louisa, and that in consequence thereof, the defendant John C. Berberich holds the title so acquired in trust for her, and they pray the court to so declare and decree, and to divest said title out of said defendant and vest the same subject to the said two deeds of trust in a trustee for the sole and separate use of the plaintiff Louisa, and to order and adjudge the defendant John C. Berberich to execute the necessary deed or deeds to vest said title as herein prayed for, and for such other and further relief in the premises as may be just and proper.

The answer put in issue all the equity alleged in the bill.

In the circuit court the bill was dismissed after trial on its merits. The plaintiff thereupon appealed to the St. Louis court of appeals. That court, after a review of the evidence, decided that the plaintiff had made out a case of constructive trust against the defendant, and reversed and remanded the case to the circuit court for another trial. The defendant filed a motion for a rehearing, and the case was reviewed again by the court of appeals, and the judgment of reversal permitted to stand. From this action of the court of appeals the defendants have brought the case here for review.

The plaintiff objects that the decision of the court of appeals is final, and that this is not a case within the meaning of the constitution, which authorizes an appeal to the Supreme Court from the court of appeals. The 12th section of the 6th article of the constitution saves to

the parties the right to appeal to the Supreme Court "in cases involving title to real estate." The plaintiff refers to decisions of the Supreme Court in which it has been held that suits on special tax-bills and mechanic's liens do not, within the meaning of this clause, involve title to real estate or admit of an appeal to the Supreme Court. *State ex rel. Haeussler v. Court of Appeals*, 67 Mo. 199. The case contained in this record does not fall within the class of cases involving the enforcement of liens and tax-bills and the foreclosure of mortgages, in which the sole object of the proceeding is to subject the admitted title of real estate to liens and demands, and to enforce them against it by process. The immediate object of this proceeding is to take out of the defendant the title to real estate which he claims to be his, and to vest it in the plaintiff, by virtue of a constructive trust, which imposed on him the duty and obligation to convey it to the plaintiff. The plaintiff asks that he be compelled to execute a deed conveying the land to plaintiff. He denies the trust, duty or obligation to convey, and claims that the title should remain as his absolute property. If a suit of this kind does not involve the title to real estate, it would be difficult to define a case that does involve it. The cases cited by plaintiff's counsel from the Georgia and Virginia reports did not have for their immediate object the divestiture of title, and for that reason they cannot be considered as bearing upon the point in issue.

The case being properly here on appeal, the action of the court of appeals in reversing the judgment comes before us upon the evidence as in all equity cases. We have read the evidence in the case, and in our judgment it sustains the equities of the bill. *Baier v. Berberich*, 6 Mo. App. 537. See also decision of court of appeals on motion for rehearing, in the record. The decision of the St. Louis court of appeals upon the facts of the case—reversing and remanding the cause—meets with our approval, and we affirm its action for reasons therein stated. All concur.