MOISE v. FRANKLIN *et al.*, *Plaintiffs in Error.*

" **Suit in Equity for Decree for Title.**" By the act creating the special law and equity court of Jackson county, that court was not allowed jurisdiction of "any suit in equity for decree for title." The plaintiff in this case, having title to land subject to a deed of trust, brought this suit in that court to set aside a sale and annul a deed which had been made by the trustee under the deed of trust. *Held*, that it was substantially a suit for a decree for title, and, therefore, not within the jurisdiction of the court.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Rozzelle   Spiker* for plaintiff in error.

*Robert Adams* for defendant in error.

MARTIN, C.—This was a suit in equity, the object of which was to set aside a sale of a lot of land made by a trustee under a deed of trust and to annul the deed delivered by him to the purchaser. It seems that in May, 1879, the plaintiff purchased the lot in controversy from one W. L. Hammond for a consideration of about $100; that at his request the title was taken in the name of George Kumpf. The wife of Mr. Hammond did not join in this deed. At the time of the purchase the lot was subject to a deed of trust to secure a note of $100, in favor of Frank Tappan. In this deed of trust Mrs. Hammond had joined with her husband, the maker, and relinquished her dower therein. The plaintiff purchased the note secured by this deed of

trust and afterward obtained a quit-claim deed for the lot from said George Kumpf, in whose name he had originally placed the title. This deed from Kumpf was not placed of record. The plaintiff alleges in his bill that he requested the trustee to sell under the deed of trust, informing him that he held the note described in the deed of trust. He testifies that the trustee was informed of the fact that the object of the sale was to clear the title of the cloud of Mrs. Hammond's dower right. The trustee advertised the lot for sale on the 29th day of November, 1879. The advertisement was written out by the plaintiff's brother. When the day of sale came round the plaintiff forgot to attend the sale and buy in the property, and it was sold to the defendant Rozzelle for $205. The trustee in his testimony denies all knowledge of the object of the sale, as testified to by plaintiff, and says that he did not know the plaintiff was owner of the land. The petition charges collusion between the trustee and the purchaser. But there is no evidence of it in the record. The sale by the trustee seems to have been regular in all respects according to the terms of the deed, and the purchase by Rozzelle is not impeached by anything appearing in the record. The deed was made to the purchaser against the objection of plaintiff. The court entered a decree setting aside the sale under the deed of trust and annulling the deed delivered by the trustee to Rozzelle, and ordered the trustee to return the purchase money to him. It also ordered the plaintiff to pay said Rozzelle ten per cent interest on said amount of purchase money from the day of sale, as well as any taxes paid by said purchaser, also an attorney's fee in favor of Rozzelle of $15 for services of his attorney, and adjudged said sums to stand as a lien on the land in plaintiff's hands until paid. The defendants have prosecuted this writ of error from this decree.

It is objected by the defendants that the court had no jurisdiction of the subject matter of this suit; and that the decree should be reversed and the suit dismissed.

By the 2nd section of the act establishing the "special law and equity court of Jackson county," it is provided: "The judge of such court shall have and exercise all the powers of a circuit judge in civil cases, except as hereinafter provided, and the said court shall have concurrent original jurisdiction with the circuit court in civil cases of all matters of law and equity, other than actions of ejectment, proceedings under the statute for quieting titles, suits in equity for decree for title, or to remove a cloud therefrom; and shall have exclusive jurisdiction of all civil causes taken by appeal or *certiorari* from all inferior courts and jurisdictions in said county of Jackson, other than the probate court, and shall have a superintending control over them." Sess. Acts 1873, p. 195.

When we reflect that the plaintiff, as owner of the lot in controversy by virtue of conveyances proceeding from the same person who had made the deed of trust, asks the court to set aside the trustee's sale, which transferred his estate and interest to the purchaser at said sale, and to annul the trustee's deed which evidenced the vestiture of said estate and interest in said purchaser, the immediate effect of which action prayed for, would be to divest the purchaser of his title, and return it to the plaintiff as possessed by him before the sale, it is impossible to resist the conclusion that the proceeding is a "suit in equity for decree for title." It is true the decree does not recite in apt words that the title is divested from the purchaser and is vested in the plaintiff subject to the deed of trust or free of the deed of trust. But that is the necessary effect and purpose of the decree. It is necessary to use words of divestiture and of investiture only when the act of annulling and vacating a trustee's sale would, on account of some unexecuted trust or intervening cloud, fail to return the title to the claimant. There is nothing of that kind here. As soon as the trustee's sale and the deed delivered by him are set aside, the title of the defendant is, by virtue of the decree, taken from him and restored to the former owner of it.

Thenceforward the title of such owner will rest upon the decree, which, to effect this result, must within the meaning of the statute be a " decree for title." The obvious intention of the act of· the legislature was to withhold from the court created by it, those important actions relating to the recovery of possession of realty, and relating to a vindication and settlement of the title to it in equity, or under the statute. Even the proceeding for removing a cloud from the title, is not within the jurisdiction of this court.

In the case of *Baier v. Berberick*, 77 Mo. 413, we had occasion to construe the language of the constitution saving appeals from the St. Louis court of appeals to the Supreme Court. By that language the right of appeal was saved to the parties " in cases involving title to real estate." It was held that where the immediate object and purpose of the suit was to divest title or invest it, the right of appeal would attach. Suits to set aside incumbrances or to enforce liens would not fall within the meaning of the language.

In this case the title to real estate was in controversy. It is claimed by both plaintiff and defendants. The decree of the court gave it to plaintiff, and adjudged it in him subject to a lien in favor of the defendants for some small sums of money expended on account of it. This was the sole object and effect of the decree. In our opinion the suit was not within the rightful jurisdiction of the court. Accordingly the decree is reversed and the suit dismissed. All concur.