Per Curiam.

This is a promise, beyond all doubt, to the plaintiff himself. The execution was in his favour, and he authorized the constable to take security; and whether this authority was known to the defendant or not, is immaterial; it was stated to Sheldon; and if it were material to the defendant to know it, he ought to have inquired of Sheldon. The constable took the security by direction of the plaintiff, who afterwards accepted of it, and Sheldon was completely discharged from the debt, on being released from the arrest by the agent of the plaintiff. This is not a security taken for ease and favour. Taking the execution and endorsement together, it is a promise to pay to the plaintiff the amount of the execution in 30 days, (the time during which the execution would be in full life,) and was accepted in satisfaction of the judgment. If the constable had taken the defendant’s note of hand in payment, by the plaintiffs order, there could not be a doubt but that the note would have been valid. It is said that there is no consideration for the promise expressed in it. This is a mistake. The words “ value received” are a sufficient consideration, at least prima facie; and here was a good consideration, in fact, and the plaintiff, moreover, offered to prove that the defendant below was indemnified. The case of Skelton v. Brewster (8 Johns. Rep. 376.) is in point.
Judgment reversed.