BY THE COURT.
If the witness prove the work to have been done for him, the interest against the defendants to warrant their objection, does not appear to us. Let it be read-.
JSitcheocJc and Andrews moved for a non suit,
because the proof showed the work done for Foster, and not for the defendants.
Willey contra.
BY THE COURT. Non suits are ordered when there is a total failure of evidence to sustain the plaintiff’s claim, and where, taking all the evidence he offers as true, it shows in him no legal right to a verdict. This motion rests on the latter ground.
Before Foster’s deposition was read, there was a proper case for the jury. The proof showed the work done, partly under the care of the defendants, and that they found part of the .materials: from this, without explanation, the jury might infer that the defendants were owners, or that the work was done for them. Now, the case stands before us in a very different aspect. That which before was left to be inferred from circumstances, no longer remains so, because the plaintiff has introduced positive proof of the actual state of the facts, which before was left to be inferred, and the facts shown are against his rights. No inference can obtain against fact. The truth must govern where disclosed. His frankness in 662] introducing the truth against the will of his adversary, is commendable, though it has cut off his present right to recover. In fact, this work was done for Foster, not for the defendants.
But it is claimed that the sale to Barnet, and his promise to pay the debts of the schooner, or keep Foster harmless from them, makes the defendants liable. We think not. The real question is, for whom was this work done? It was done for Foster. Bar-net agreed to pay the debt — does that make the original undertaking with the plaintiff his ? or does it make it the undertaking of himself and May ? Clearly not. The plaintiff could not sue on it —though Barnet will be liable to Foster, if he have to pay.
The promise to pay by May, if for himself and partner, does not give a right to recover in this form of action. The work was not done for them, but for Foster. The plaintiff had a lien upon the vessel. If the defendants rescued her, they are liable for the tort; the tort does not make the original contract theirs. Their promise to pay, in case the plaintiff would forbear to reclaim the vessel, might be a good consideration for a count on that promise, and we think it would be; but here there is only a count for work and la *685 bor, which is shown not to have been done at the retainer of the defendant. The motion prevails.
The plaintiff afterwards asked and obtained leave to open up the non suit and to declare de novo.
[State as a suitor in her own courts is not a sovereign, but has only individual’s rights, cit. in diss. op. State v. George, 34 O. S. 657, 670.]