## · Brown *against* Sloan.

The compromise of a doubtful claim is a good consideration for a promise to pay.

ERROR to the common pleas of *Armstrong* county.

Robert Brown, Sen., against Walter Sloan. Appeal from the judgment of a justice, in which among others, the following count was filed.

And whereas, also the said James Sloan, the 23d day of December 1812, at Armstrong county, aforesaid, did draw his certain note in writing, called a promissory note, under his hand and seal, bearing date the same day and year, and that note unto the same Robert Brown, Sen., did deliver; by which said note, the said James Sloan did promise, "three months after the date thereof, to pay Robert Brown thirty-two dollars and fifty cents, for value received;" and by reason thereof, as also, by force of the statute in such case lately made and provided, the said James, did become liable to pay the said Robert, the aforesaid sum of money, according to the tenor of the note aforesaid; and being so indebted, the said James, afterwards, to wit, on the 25th day of September, in the year 1830, moved out of the state of Pennsylvania, to parts unknown, and not having paid the said sum of money, or any part thereof. And whereas, also, the said Robert, for the more speedily securing the payment of the said sum, afterwards, to wit, the 21st day of April, in the year 1828, at the county aforesaid, the said sum of money or any part thereof, to the said Robert, in no sort being paid or satisfied, by a writ of foreign attachment of the said court of common pleas at Armstrong county aforesaid, issued against the said James Sloan, returnable before the justices of the

said court, on the third Monday of December, A. D. 1828, to the sheriff of said county, did procure the lands and tenements, goods and chattels, of the said James Sloan, to be attached; and the goods and chattels, lands and tenements, of the said James Sloan, by virtue of the said writ, were attached by the said sheriff. And, whereas, the said goods and chattels, lands and tenements, being attached so as aforesaid, the said Walter Sloan, afterwards, to wit, the 25th day of September, A. D. 1830, at the county aforesaid, in consideration that the aforesaid Robert Brown, at the special instance and request of the said Walter, would agree to stay any further proceedings on the writ aforesaid; the said Walter did assume, and unto the said Robert Brown, then and there faithfully did promise, that he, the said Walter, would pay the said sum of money to the said Robert, when thereto afterwards, he should be required and content. And the aforesaid Robert in fact saith, that that he, the said Robert, believing the promise and assumption of the said Walter Sloan, last made, afterwards, the same day and year last mentioned, at the special instance and request of the said Walter, did agree to stay any further proceedings against the property of the said James Sloan, on the writ aforesaid, which was accordingly done.

The plaintiff, in support of the issue on his part, called as a witness, Thomas Blair, Esq., who, being duly sworn according to law, testified as follows:

At the time of the passage of the administration account of Walter Sloan, administrator of James Sloan, deceased, on the 25th of September 1830; at that time there had been objections made to the passage of the administration account by Mr Brown, and there had been objections on behalf of John Sloan, one of the heirs of James Sloan, and by the plaintiff, who had judgments against James Sloan, one of the heirs. When the account was brought up, I was informed John Sloan had withdrawn his objections by Mr Harrison. Mr Brown, the plaintiff, came to me, and said, that if Mr. Sloan would agree to pay his claims, he would also withdraw his objections, and the account might pass. I went to Sloan, and told him what Mr Brown had said; that if he would pay him the amount of his judgments against James Sloan. ' Mr Sloan said that James Sloan would be entitled to his share, and he could get it out of the property. I came back and told Mr Brown what Sloan said. Brown said he would not take it in that way; but if Walter Sloan would become personally responsible to him, he would withdraw his objections. I returned to Sloan, and told him what the plaintiff said. He seemed unwilling. I rather persuaded him to do it, as his account would then pass. He finally agreed to do it, and told me I might tell Mr Brown he would pay the amount of his judgments. I then mentioned it to Mr Brown; we went together to Mr Buffington, and Mr Brown told him he might with-

[Brown v. Sloan.]

draw the objections, and he did so, and the court confirmed the account.

Being cross-examined, he said, I was then attending to it as the counsel of Mr Sloan.

The plaintiff further, in support of the issue on his part, offered to prove, "that Robert Brown had two several foreign attachments pending in the court of common pleas of Armstrong county against James Sloan, one of the heirs of James Sloan, deceased; that those attachments were levied upon a house and lot in Kittanning, and other property; that at the passage of the administration account of Walter Sloan, the defendant, as administrator of the said James Sloan, deceased, the accountant claimed a large balance in his favour, so much as to sell the real estate of the said deceased, upon which the said attachments were levied, and that said property or a part of it, was sold to satisfy the balance due the administrator; and that plaintiff withdrew his objections against said administration account, in consideration that the defendant, Walter Sloan, would pay the amount claimed in those attachments, which was objected to by the defendant's counsel, and rejected by the court, upon which the plaintiff's counsel excepted to the opinion of the court, and requested them to seal this bill of exception.

The rejection of this evidence was the subject of the error assigned.

*Buffington*, for plaintiff in error.
*Coulter*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—This case comes before the court on an exception to evidence, and I feel at a loss to discover, upon what principle the testimony was excluded. The evidence offered, tended to prove the second count in the declaration, and for this reason, if there was none other, it should have been received. It shows an assumpsit on the part of the defendant to pay the debt of another, on a valuable consideration. It cannot be doubted, that the plaintiff had such an interest in the estate, in consequence of the attachment, which he had levied on the share of James Sloan, as to entitle him to file exceptions to the administration account, and these exceptions he had a perfect right to insist on or withdraw at his own will and pleasure. Now, on consideration that the plaintiff would withdraw the exceptions to the administration account, the defendant agreed to pay the judgment, which the plaintiff had obtained against James Sloan, one of the distributees of the intestate, and this it was the object of the testimony to prove. It was the compromise of at least a doubtful claim, which has been always held a sufficient consideration to support a promise.

Judgment reversed, and a *venire de novo* awarded.