By the Court,
Nelson, C. J.
The only point that can admit of any question in this case is, whether a debt discharged by a creditor ,on compromise, for a less sum than due, can be revived by a subsequent promise to pay without any new consideration.
I had occasion to consider this question in a recent case in the court for the correction of errors, Hosack's executors v. Rogers, ante p. 313,) and after a full investigation, satisfied myself it came within the class of cases which hold that such a promise revives the debt after a discharge under the bankrupt or insolvent acts. These acts as effectually extinguish the original indebtedness, as if released by the creditor; so much so, that it is said a *294 new debt is created; and yet the moral obligation existing to pay any balance remaining beyond the dividends, is regarded sufficient to uphold the promise. 3 Wendell, 135, and the cases there cited, and 7 Johns. Ch. R. 303.
The duty to pay the whole debt is absolute upon the debtor; and whether' discharged by act of law or the equally humane act of the creditor, on payment of part, the moral obligation in respect to the residue is the same. Indeed, if there be any difference, I think it in favor of the latter ; for it is fair to presume, as the debtor accepted his terms, they were more favorable to him than those imposed by the law. We can very well suppose that they may have been such as to leave a tie upon the conscience that would lead to the subsequent promise when the party deemed himself [ *^86 ] possessed of *the means. The foundation of the moral obligation is certainly as strong as in many cases in which the promise has been upheld.
In Lee v. Muggeridge, 5 Taunton, 37, the bond of a married woman, though void, was held sufficient to give validity to her promise after she became discovert. So of a promise to pay the money actually lent, though previously advanced upon an usurious contract, where not only the security but the original contract, was void. 2 Taunton, 184, and 19 Johns. R. 147. The same has been held where a defendant has neglected to give in evidence payment of his debt, and for that reason the money is again collected. 14 Johns. R. 468. Every well regulated mind will readily assent to the soundness of the principle of these cases ; and yet the moral duty is no greater than in the case of a demand voluntarily given up in whole or in part on. account of a present inability of the debtor, from misfortune or otherwise, to pay. In each case the honest debt is undischarged ; and while it remains, the obligation arising out of the original contract is equally binding upon the conscience of the debtor. He is absolved by the forms of law, but the ties of honor and conscience continue whilst he is regarded as the subject of moral duties.
The case of Depuy v. Swart, already referred to, 3 Wendell, 135, shews that the plaintiff properly counted on the original cause of action.
New trial denied.