LONZO M. HOWELL, APPELLANT, v. THOMAS R. WRIGHT, RESPONDENT.

*Promissory note — what is a sufficient consideration for it.*

In this action, brought by the plaintiff as the owner of a promissory note made by the defendant to the order of one Howell, the defendant denied the ownership of the note by the plaintiff, and also denied that he, the defendant, ever received any value for the making and delivery of the note, and alleged that it was without consideration and void. Upon the trial evidence was given tending to show that on September 3, 1884, Howell delivered to one Case three notes executed by the defendant, upon which there was then due $3,069.50, upon the receipt of $1,535.55, at the request of the defendant and upon his promise to subsequently give to Howell his note for the balance, and that the note in suit was given in pursuance of the said agreement.

*Held,* that the evidence established that the note was given upon a sufficient consideration.

APPEAL from a judgment, entered upon a verdict rendered at the Oswego Circuit, and from an order denying a motion for a new trial made upon the minutes and upon the exceptions taken by the plaintiff, and on the ground that the verdict was against the evidence given on the trial and was wholly unsupported by any evidence.

The action was brought upon a promissory note executed by the defendant in the following language, viz.:

"$1,535.55. FULTON, OSWEGO COUNTY, N. Y., }
*September* 3, 1884. }

"Six months after date I promise to pay to O. Howell, or bearer, fifteen hundred thirty-five and $\frac{55}{100}$ dollars at the residence of T. R. Wright, in Oswego Falls, value received, with use.

"(Signed) T. R. WRIGHT."

The complaint alleged that the note was transferred to the plaintiff before maturity for a valuable consideration, and that the plaintiff was the owner of the note. The answer put in issue the transfer by the payee to the plaintiff, and also the plaintiff's ownership of the note, and denied that the defendant "received any value for the making and delivery to the payee thereof of the promissory note set forth in the complaint, and avers that said note was and is without consideration and void." Plaintiff produced the note in evidence and

rested. Thereupon the defendant called the plaintiff as a witness. He was examined touching his ownership of the note, and in regard to the time when he received the transfer from the payee. His evidence was uncertain and fluctuating and conflicting as to the time when he became the owner of the note. The defendant proved by Kellogg that he, as agent for one Case, on the 3d day of September, 1884, received from Orlando Howell, the payee in the note, three notes executed by the defendant upon which there was due at that date $3,069.50, and that he paid said Howell therefor $1,535.55 as the agent of one George M. Case.

The defendant was sworn as a witness in his own behalf and admitted the execution of the note alleged in the complaint. He testified that he had a conversation with Orlando Howell, the payee in the note, on the third day of September. The witness continuing in his testimony said, as to the interview on the third of September, viz. : " I did say to Mr. Howell on that occasion that I would not sign the note on that day, but that I would in a day or two, because I did not want to be asked questions and lie about it; I told Howell I would sign the note for the other half; I told him that at the interview at Howe & Rice's office, I think, and I am pretty confident that it was prior to September third, and prior to Howell's going to the bank and getting his money of Kellogg, that this conversation occurred, and I promised to sign the note for the balance." He also testified : " I did not sign any paper at that time; I told Mr. Howell at that interview that he had better, I think that is the way I put it, take his fifty cents on the dollar because I didn't know if I ever paid him anything, and I would feel better to know that he was having part of the assets; no note was drawn there that I saw, but I told him I would give him a note and pay it if I ever got able; that is all I remember; I suppose that this note was given in accordance with that agreement; I signed it some time after; I stated on the direct-examination that I was desirous that each of my creditors should be paid in some way."

No evidence was given contradicting the testimony of the defendant. At the close of the evidence plaintiff asked the court to direct a verdict for the plaintiff for the amount of the note in suit on the ground that no defense had been proven to the note even though

plaintiff was not shown to be a *bona fide* purchaser for value before maturity. That the evidence showed that prior to taking the fifty cents on the dollar the defendant had agreed to give his note for the balance, and had given this note in accordance with that agreement. The requests were denied, and to the rulings the plaintiff excepted. The case was then submitted to the jury on the two following questions, viz.: First, whether the plaintiff was a *bona fide* holder of the note before due; and, second, whether there was any consideration for the note. The court charged, among other things, viz.: "That a mere moral obligation is not sufficient to support a promise, and the question here is whether, notwithstanding Mr. Case bought up that three thousand dollars of indebtedness at fifty cents on the dollar, and the moment he bought it owned it as an obligation, that he could enforce against the defendant for the face value of it; although he had paid fifty cents on a dollar for it, that notwithstanding that fact if the defendant requested him to do it, telling him at the time that he made the request that if he did it, if he took fifty cents from Mr. Case, that he, the defendant, would give him his note for the balance, and that, acting upon that, Mr. Howell went and accepted that fifty cents, when otherwise he would not have accepted that fifty cents but for that promise; if these are the facts, that raises a consideration for the note which will support it, and would enable Mr. Orlando Howell himself to enforce it if he had brought the suit in person instead of having sold it to his son;" also, viz.: " If Mr. Case did buy these notes without any request from Mr. Wright to Mr. Howell that he should take the fifty cents, and after they completed the transaction Mr. Wright had promised Mr. Howell to give him his note and had given it, there would have been no legal obligation for him to have paid that note, but if before Mr. Howell parted with these obligations against Mr. Wright, which on their face amounted to over three thousand dollars, if before he sold this three thousand dollars worth of obligations face value for fifteen hundred and some odd dollars, he was requested by the defendant to do so, and he did so on the faith of the defendant's promise that if he did so, he would give him his note for the other fifty cents, then, gentlemen, as I said before, that is a full consideration for the note, and it can be enforced by the plaintiff whether he is a *bona fide* holder or not, as it could have been

enforced by Mr. Orlando Howell had he brought the suit in his own name."

*Howe & Rice*, for the appellant.

*S. N. Dada*, for the respondent.

HARDIN, P. J.:

When the plaintiff produced the promissory note and read the same in evidence it established *prima facie* a sufficient consideration. The words " value received," are sufficient *prima facie* to make out a consideration for the promise contained in the note. (*Hinman* v. *Moulton*, 14 Johns., 466 ; *Bank of Troy* v. *Topping*, 9 Wend., 273.)

It is well settled that one promise is a good consideration for another. (*Briggs* v. *Tillotson*, 8 Johns., 304.) However, they must be concurrent. (*Cooke* v. *Oxley*, 3 D. & E., 653 ; *Livingston* v. *Rogers*, Coleman & C. Cases, 331.) An agreement to render services or to perform an act is a valid consideration for a promise. (*Taylor* v. *Rennie*, 35 Barb., 272.) And an injury to one party as well as benefit to another is sufficient consideration for a promise. (*Miller* v. *Drake*, 1 Caines, 45.) However, the benefit to one party or the injury to the other which can avail as a consideration to support an agreement, must be a benefit to which the party is not entitled, except as a consideration of his undertaking, for the injury must be to the legal rights. (*Converse* v. *Kellogg*, 7 Barb., 590 ; *Beckwith* v. *Brackett*, 97 N. Y., 52.)

The burden was upon the defendant to show that there was not any consideration for the note in suit to overcome a *prima facie* case made by the production of the note. We think the evidence given upon the trial established the fact that the note in suit was given by the defendant to Howell in pursuance of a request to Howell that he should transfer the notes of $3,000, and that on condition that they were so transferred the defendant would execute the note in suit.

We think the testimony of the defendant, viewed as evidence, or viewed as admissions on the trial, coupled with the note produced and read in evidence, with the surrounding circumstances, satisfactorily indicate that Howell consented to part with the $3,000 notes

for fifty cents on a dollar, on condition that he receive the note in suit. Yielding to the request of the defendant, and making a transfer of the $3,000 indebtedness for fifty cents on a dollar to Case, and the reliance upon the promise of the defendant to give his note for the other fifty cents on a dollar, furnished a consideration for the note in suit.

But if we view the evidence in another light, it seems to justify a conclusion that the defendant undertook and promised, with Orlando Howell, in the event he would take fifty cents on a dollar for the $3,000 of debt from Case, and transfer that indebtedness to Case (which was long past due), that he, the defendant, undertook, and in his own language as he states it upon the stand, " promised to sign the note for the balance." The note in suit was given on six months time. If it be treated as being given for the balance of the $3,000 debt, then by the terms of the arrangement the defendant secured himself an extension of fifty cents on a dollar of the $3,000 debt for the period of six months. We see no reason why the promise of the defendant, found in the note in suit, should not be upheld.

In *Stafford* v. *Bacon* (25 Wend., 384) it appeared that the defendant had compromised his debt by paying one-third thereof, and after the compromise had promised " to pay the balance," and the court held " that such promise is binding, although made without any new consideration moving thereto."

Certainly there was a precedent duty and obligation on the part of the defendant to pay to his creditor 100 cents on a dollar on the $3,000 debt, and when he requested his creditor to part with that obligation for fifty cents on a dollar, and promised to pay the other fifty cents, and executed a note in pursuance of that promise, the note was supported by a valuable consideration. (Section 182 of Daniels on Negotiable Instruments.) It is said in the section to which we have referred, that a promissory note " for the payment of a debt discharged in bankruptcy, or barred by the statute of limitations or voluntarily released, * * * would be valid as upon any other valuable consideration." The foregoing views lead us to a conclusion that the verdict is against the evidence upon the question of consideration for the note in suit. We think there should be a new trial.

Judgment and order reversed and new trial ordered, with costs to abide the event.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to abide event.