2312.   WASHINGTON POST COMPANY *v.* SORRELLS.

The law applicable to. the undisputed facts demanded the verdict.

Certiorari; from Clarke superior court—Judge Brand.   October 22, 1909.

Submitted February 23,—Decided June 14, 1910.

*Stephen C. Upson,* for plaintiff.   *Henry C. Tuck,* for defendant.

HILL, C. J.   Washington Post Company sued Sorrells in a justice's court on a written contract, by which the defendant agreed to pay $58 for a copy of the "Executive edition of the White House Gallery of official portraits of the Presidents." The judgment in the justice's court was adverse to the plaintiff, and it sued out a writ of certiorari to the superior court, the certiorari was overruled, and to this judgment plaintiff excepted. The undisputed facts are as follows: The defendant entered into a contract to buy the portraits in question, induced to do so by a statement of the agent of the plaintiff that he had shown the work to the defendant's wife and daughter, and that they were well pleased with the portraits, and had authorized the agent to tell him to purchase them. Relying upon the truth of this statement, he signed the contract. Upon his return home on the night of the day on which he signed the contract, he discovered that the agent had not had a conversa-

tion with any member of his family on the subject of purchasing the portraits; and the agent admitted to him next morning that the entire statement was untrue. The defendant immediately demanded a surrender of the contract or order, which was still in the possession of the agent. The agent refused to surrender it, and thereupon the defendant stated to him that the contract having been procured by falsehood and fraud, he was not bound by it, and that he would under no circumstances accept the portraits if they were shipped; and he immediately wrote to the plaintiff, insisting on a rescission of the contract, and stating as his reasons the fraud that had been practiced upon him, that neither his wife nor daughter wanted the work, that it was absolutely worthless to him, and that he had been induced to order the portraits solely by the false statements made to him by the agent. The plaintiff, however, refused to consent to a rescission. As stated, the foregoing facts were not disputed. The plaintiff contended that the defendant was bound because the contract provided that it was "not subject to cancellation," and that the motive with which the defendant made the contract was no part of the consideration, and that, even admitting the fraud, the defendant was not damaged or injured thereby, and the case was one of damnum absque injuria.

It is not to be doubted that there is a clear distinction sometimes between the motive that may induce one to enter into a contract and the consideration of the contract, and ordinarily the motive with which one party enters into a contract is no part of the consideration; and, as Judge Nisbet expresses it in *Austell* v. *Rice,* 5 *Ga.* 472, "a disappointment of the motive, by the fraudulent misrepresentations of the plaintiff, is not a fraud upon the contract, and is not available as a defense." Motive "does not enter into the contract at all. The contract is to be viewed as it would be had there been no such motive. The conclusion is therefore irresistible that if there was a fraud upon that motive, it is not a fraud upon the contract, and can not be set up in avoidance of it." We do not think, however, that this principle controls this case. Here it was admitted that the contract was procured by a deliberate falsehood. The plaintiff, through its agent, was therefore guilty of moral as well as legal fraud. It is a universal principle of law that fraud voids all contracts. As happily expressed: "Fraud is a cause of nullity of the agreement, when the stratagems practiced by one of

the parties are such that it is evident that without such stratagems the other party would not have contracted." 2 Chitty on Contracts, p. 1043, note i. The defendant, in making the contract, did so relying upon the truth of the statement made by the agent to him that his wife and daughter had seen the work and desired him to make the purchase. The agent of the plaintiff adopted this stratagem of deception to induce the defendant to make the contract. Surely the law will not compel one to keep a contract which has been induced by both moral and legal fraud, evidenced by admittedly false representations made for the sole purpose of accomplishing the fraud, because belief in the truth of such false representations was the motive for the making of the contract. Of course, it is well settled that both fraud and injury must coexist to invalidate a written contract. But if the fraud produces any injury at all as a result, it will be sufficient. In this case it is not controverted that the portraits of the presidents were entirely useless to the defendant. If they were useless to him, this affected the consideration of the contract. It was not shown by the evidence that they were useful to anybody or had any market value. If they had a market value and the defendant could have sold them for what he paid for them, he would still have been put to some trouble and inconvenience in making a sale.

It is probable that the portraits did not have any market value; for the assumption that they did is somewhat inconsistent with the extreme and unreasonable conduct of the plaintiff in attempting to hold the defendant to the contract which was admittedly induced by false representations. It seems to us that the defendant, under the admitted facts of the case, was entitled, in equity and good conscience, to a rescission of the contract. Before the contract had been forwarded by the agent to the principal, the agent was charged with his fraud and admitted it, and was requested to rescind. Upon his refusal to do so he was notified that the defendant would not pay for the portraits. Before any expense had been incurred by the plaintiff or any steps taken for the performance by it of the contract, it was also notified by the defendant, in writing, of the fraud perpetrated on him by the agent. While the contract provided that it was not subject to cancellation, yet, we think, for the reasons stated, it was subject to rescission at the instance of the party defrauded.        *Judgment affirmed.*